## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CRIMINAL NO.  3:05CR104-18-V

UNITED STATES OF AMERICA  )
           )
   vs.       )    **O R D E R**
           )
**RODGRICK JAMES FRIESON,**  )
   **Defendant.**    )
_____ )

   **THIS MATTER** is before the Court on Defendant's Motion To Review  Magistrate's Denial

Of Bond pursuant to 18 U.S.C. § 3145(b), filed June 1, 2005.

   Defendant's original detention hearing was held on March 4, 2005, before United States

Magistrate Judge David Keesler.  At the conclusion of that hearing, Defendant was ordered

detained.  More recently, on June 1, 2005, Defendant appeared before the magistrate judge and

requested, through counsel, temporary release from custody due to the tragic death of his teenage

son.  The Magistrate Judge denied Defendant's request.

   This Court reviews *de novo* the magistrate judge's detention order.  18 U.S.C. §3145(b);

*United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985).  The Court has reviewed the audio

recording of the detention hearings before the magistrate judge as well as the contents of the

criminal file in this matter.  In addition, the Court has reviewed the original Pretrial Services Report,

which recommended detention.

   The Defendant is charged with conspiracy to possess and distribute cocaine and cocaine

base in violation of 21 U.S.C. §846.  Because the Grand Jury found that probable cause exists that

Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or

more is prescribed, a rebuttable presumption arises that no condition or combination of conditions

will reasonably assure the appearance of the person as required and the safety of the community.

18 U.S.C. §3142(e).  Defendant contends that the presumption is rebutted in this matter, at least

as to Defendant's current request for a short-term release on bond.

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

(1)    the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including —

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).   Upon review of these factors, particularly the nature and circumstances of the charged offense and Defendant's extensive prior criminal record, the Court concurs with the magistrate judge that bond is not appropriate, even on a temporary basis.

Alternatively, Defendant requests that the Court direct the U.S. Marshal's Service to transport Defendant to view his son's body pursuant to policy of the U.S. Marshal's Service.  The undersigned has discussed the instant request at length with the U.S. Marshal's Service. The Marshal's Service considers Defendant such a high security risk that transporting Defendant under any circumstances is not recommended.  For this reason, Defendant's alternative request must be denied as well.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Review Magistrate's Denial Of Bond (or Appeal of Detention Order) is hereby **DENIED**.  Defendant's motion for hearing and alternative motion to be escorted to view his son's body are likewise **DENIED**.  Defendant shall remain in custody pending adjudication on the charged offenses.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

**Signed: June 3, 2005**

Richard L. Voorhees
United States District Judge