# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:05CR104

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| RODGRICK JAMES FRIESON (18), ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of the Magistrate's Order," filed October 5, 2005.

Defendant was arrested on April 29, 2005, and charged by way of a Bill of Indictment with conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846. United States Magistrate Judge David Keesler presided over Defendant's original detention hearing on March 4, 2005. At the conclusion of the hearing, Defendant was ordered detained. Subsequently, on June 1, 2005, Defendant again appeared before Magistrate Judge Keesler and requested temporary release from custody due to the death of his teenage son. The Magistrate Judge denied Defendant's request, finding that the death of Defendant's son was an insufficient change in circumstances to permit a short term release. Defendant appealed the Magistrate Judge's denial of bond to this Court. In an Order dated June 3, 2005, this Court affirmed Magistrate Judge Keesler's denial of bond. Most recently, on October 5, 2005, Defendant appeared before United States Magistrate Judge Carl Horn, III, again asking to be released on bond.

Since the Grand Jury found that probable cause exists that Defendant committed an

1

offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of a person as required and the safety of the community. 18 U.S.C. § 3142(e). Defendant contends that this presumption is rebutted in this matter due to the fact that he completed drug and mental health treatment while in the custody of the Mecklenburg County Jail, he had a full-time job prior to his arrest, he has a place to live when released on bond, and he has three children that he is raising alone. Moreover, Defendant argues that a review of the discovery provided by the Government leads to the conclusion that there is insufficient evidence for the Government to prove its case against Defendant. At the conclusion of the hearing, Magistrate Judge Horn granted Defendant's Motion for Bond and released Defendant. The Magistrate Judge concluded that the fact that Defendant had completed drug and mental health treatment programs, had children to support, and could live with his mother upon release were all sufficient factors to warrant release at that time. Moreover, Magistrate Judge Horn released the Defendant upon the conditions that Defendant: (1) execute an unsecured bond of $25,000; (2) reside with his mother; (3) continue full-time employment; (4) comply with electronic monitoring; (5) continue with regular drug testing and drug treatment; (6) support his children; and (7) not be released from detention until the electronic monitoring was in place. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of

the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –
        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court accepts the Magistrate Judge's finding that bond is appropriate. In support of this finding, the Court finds significant that the only evidence the Government provided in discovery against this Defendant is one attempted purchase of cocaine by co-defendant Amos Hall, which never materialized. According to defense counsel, this interaction with Mr. Hall constitutes the totality of evidence the Government has against Defendant. The Government did not rebut this argument. The lack of evidence that the Government has against Defendant is a significant factor that weighs in favor of releasing Defendant on bond. In addition to the lack of evidence, since Defendant's first detention hearing he has completed drug and mental health treatment in the Mecklenburg County

Jail.  Moreover, as found by the Magistrate Judge, the Defendant has ties to the community, held a full-time job prior to his arrest, has a residence where he can live upon release, and has three small children that are under his care.

Defendant will live with is mother while out on bond and will work full-time to support his children.  Defendant will be subject to drug testing and will attend a drug treatment program.  Moreover, Defendant will be supervised by electronic monitoring and will not be released until such electronic monitoring is in place.  Taking all of the factors into consideration, the Court finds that this combination of conditions, along with the requirements imposed by the Magistrate Judge, will reasonably assure the appearance of Defendant and the safety of the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation and Stay of Magistrate's Order" is hereby **DENIED**.  Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant be released upon the same terms and conditions as ordered by Magistrate Judge Horn on October 5, 2005.

**IT IS FURTHER ORDERED** that the Clerk certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

**Signed: October 6, 2005**

Richard L. Voorhees
United States District Judge